# 2000 DTA 90

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL II**

JOSE A. VEGA DE JESUS
Recurrente

v.

ADMINISTRACION DE LOS SISTEMAS DE RETIRO
DE LOS EMPLEADOS DEL GOBIERNO Y LA JUDICATURA
Recurrido

Núm. KLRA-99-00556

San Juan, Puerto Rico, a 9 de febrero de 2000

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano,
el Juez Aponte Jiménez y la Juez Feliciano Acevedo

Feliciano Acevedo, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El recurrente, señor José A. Vega De Jesús (De Jesús), solicita la revisión de la resolución emitida por la Junta de Síndicos de los Sistemas de Retiro de Empleados del Gobierno y la Judicatura (la Junta), el 31 marzo de 1998. La misma confirma, a su vez, la decisión de la recurrida, la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (la Administración), la cual deniega a De Jesús una pensión por incapacidad ocupacional.

Examinado el expediente ante nos, las alegaciones de las partes y el derecho aplicable, determinamos que procede denegar el auto solicitado.

### I

Según los hechos que obran en el expediente, De Jesús, de 42 años de edad, trabajó como conductor para la Autoridad de Carreteras en el Municipio de Caguas durante 19 años. Sus funciones consistían principalmente en transportar en los vehículos designados brigadas de personal, equipo, herramientas y unas planchas o vallas de seguridad para las carreteras. En algunas ocasiones ayudaba a la brigada a descargar dicho cargamento. Durante su desempeño en el cargo, cotizó 11 años para el sistema de retiro gubernamental.

El 25 de febrero de 1994, dicho empleado sufrió un accidente consistente en dolores en el área del cuello mientras movía el diferencial del camión. Este último se encontraba sobre una plataforma.

Como consecuencia de ello se reportó al Fondo del Seguro del Estado (el Fondo), donde se le evaluó, trató y diagnosticó esguince cérvico dorso lumbar y radiculopatía derecha C-7. Posteriormente, alegó sufrir una condición emocional, la que fue evaluada, tratada y diagnosticada como desorden atípico. El Fondo relacionó ambas condiciones con el accidente laboral, fijándole una incapacidad de 10% de sus funciones fisiológicas generales, independientemente de lo otorgado de su condición emocional.

Posteriormente, De Jesús acudió ante la Administración del Sistema de Retiro, donde solicitó una pensión por incapacidad ocupacional al amparo de los Art. 9 y 11 de la Ley Núm. 447 del 15 de mayo de 1951, 3 L.P.R.A. sec. 769 y 771. Tras los trámites administrativos pertinentes, la Administración denegó dicha pensión por entender que la incapacidad del peticionario no era una total y permanente que le privara de desempeñar labores en el servicio público.

De Jesús solicitó entonces reconsideración, la que fue declarada sin lugar. Inconforme, acudió en apelación ante la Junta. Celebrada la correspondiente vista, dicho organismo confirmó la denegatoria de la Administración. Mediante el presente recurso, nos pide que revisemos dicha decisión confirmatoria.

### II

El alcance de la función revisora de este Tribunal, en casos de la naturaleza del que consideramos, está delimitada, en primer lugar, por la norma que requiere confirmar las determinaciones de hechos de la agencia administrativa, siempre que sean sostenidas por la evidencia sustancial obrante en el expediente administrativo y, en segundo lugar, por la que prohíbe la sustitución del criterio del organismo administrativo por el judicial, excepto cuando aquél sea errado en derecho, arbitrario o irrazonable. *Misión Industrial de Puerto Rico v. Junta de Planificación*, ___ D.P.R. ___ (1997), **97 J.T.S. 79**, pág. 1161; *Misión Industrial de Puerto Rico v. Junta de*

*Planificación, et als,* ___ D.P.R. ___ (1997), **97 J.T.S. 34**, pág. 719; Sección 4.5 de la Ley Núm. 180 de 12 agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2175.

Al considerar la decisión administrativa objeto de este recurso, resulta necesario examinar las normas legales y reglamentarias que aplican a las solicitudes de incapacidad ocupacional.

La Ley Núm. 447 de 15 de mayo de 1951, según enmendada, 3 L.P.R.A. secs. 761 y ss., establece en su Artículo 9 el derecho de un empleado a pensión por incapacidad ocupacional. Este artículo dispone, en lo pertinente, que todo participante del sistema que *"como resultado de una incapacidad que se origine por causa del empleo y surja en el curso del mismo, quedare incapacitado para el servicio, tendrá derecho a recibir una anualidad por incapacidad ocupacional, siempre que: (a) según dispone el Artículo 11, infra, se recibiere suficiente prueba médica en cuanto a la incapacidad mental o física del participante, conforme a los criterios normalmente aceptados en el área de la compensación por incapacidad que mediante reglamento fije el Administrador; (b) el participante o el patrono, de acuerdo con los reglamentos de la Junta, notifique al Administrador con respecto a dicha incapacidad, y (c) la incapacidad fuere indemnizable de acuerdo con las disposiciones de las secs. 1 et seq. del Título 11."* 3 L.P.R.A. sec. 769.

Las reglas que rigen las anualidades por incapacidad quedan dispuestas en el Artículo 11 de la Ley Núm 447, que dispone:

*"Para los fines de una anualidad por incapacidad ocupacional o no ocupacional, se considerará incapacitado a un participante cuando la incapacidad esté sustentada con suficiente prueba médica conforme a los criterios normalmente aceptados en el área de la compensación por incapacidad que mediante reglamento fije el Administrador y dicha prueba revele que el participante está total y permanentemente incapacitado e imposibilitado para cumplir los deberes de cualquier cargo que en servicio del patrono se lo hubiere asignado o para trabajar en cualquier empleo retribuido con retribución igual, por lo menos, a la que percibe. El Administrador, según lo crea conveniente y necesario, podrá requerir al participante que se someta a exámenes adicionales con médicos seleccionados por el Administrador. 3 L.P.R.A. sec. 771."*

En la ejecución de las normas anteriores, la Junta estableció ciertos parámetros en el Reglamento General para la Concesión de Pensiones, Beneficios y Derechos. Reglamento 4930 de 25 de junio de 1993 (el Reglamento). La Regla 24, que regula lo concerniente a pensiones por incapacidad ocupacional, dispone que para tener derecho a una pensión por incapacidad ocupacional deben cumplirse los siguientes requisitos; a) que el participante esté en el servicio activo a la fecha de radicación de la solicitud; b) que se reciba suficiente prueba médica en cuanto a la incapacidad mental o física del participante; c) que el Fondo haya determinado que la condición incapacitante esté relacionada con el empleo del participante y es compensable; d) que el participante o su patrono notifique de la incapacidad al Administrador del Fondo dentro de los seis (6) meses siguientes a la fecha en que el Fondo haya determinado la relación de la incapacidad con el empleo. Regla 24.2.

Como factores a considerar para determinar la incapacidad del solicitante, figuran la evidencia médica que consta en el expediente, el listado de criterios médicos *("adult listings")*, y el análisis e investigación que realicen los técnicos del Administrador. Si no se pudiese determinar con certeza a base de esos factores la incapacidad del solicitante, se le podrá requerir exámenes médicos adicionales a ser realizados por médicos seleccionados por el Administrador. Se considerará capacitado al participante si no está total y permanentemente incapacitado e imposibilitado para cumplir los deberes de cualquier cargo que su patrono le hubiere asignado o para trabajar en cualquier empleo retribuido, con sueldo igual o por lo menos igual al que esté percibiendo. Regla 24.4.

La jurisprudencia ha establecido claramente que las leyes de propósitos remediales, como lo son las pensiones de retiro de empleados públicos, deben interpretarse liberalmente a favor del beneficiario. No obstante, también ha reconocido que la incapacidad que obligue al retiro del empleado público debe ser de tal naturaleza que le inhabilite para desempeñar las funciones de su empleo y cualquier otro empleo remunerativo. *Sanfiorenzo Zaragoza v. Administración,* ___ D.P.R. ___ (1995), **95 J.T.S. 34,** pág. 728.

## III

A la luz de las normas antes señaladas, la Junta de Síndicos concluyó que De Jesús no se encuentra total y permanentemente incapacitado para trabajar en cualquier empleo remunerativo con un sueldo igual al que había venido devengando. Dicho foro basó su conclusión en el testimonio que ofreció el recurrente durante la vista y en la prueba documental, incluyendo los informes médicos obrantes en el expediente administrativo. Sobre este particular, véase las conclusiones formuladas en marzo de 1998, previo a que tomara la Administración su decisión final, por los doctores, respectivamente, Lydia Fernández Abalde y José R. Cuebas. Tras revisar toda la prueba médica disponible, Fernández determinó que la condición emocional del paciente era leve y que no cumplía con los criterios médicos suficientes para lograr una compensación por incapacidad ocupacional total. En cuanto a la condición orgánica, Cuebas opinó que tampoco cumplía De Jesús con los *"listings"*, al no reflejar la deficiencia neurológica suficiente.

Lo cierto es que no existe en el presente caso elemento alguno que justifique nuestra intervención con aquellos hechos que determinó probados la Junta y que le llevaron a confirmar la interpretación que hiciera la Administración de las disposiciones relacionadas a la obtención de beneficios por incapacidad ocupacional total y permanente.

Por los motivos antes expuestos, denegamos la expedición del auto solicitado.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General